UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA L. CHESSEN, TRUSTEE OF THE 1997 K&M FAMILY TRUST DATED 12-11-97,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN RAFAEL,<br><br>　　　　　Defendant. | Case No.  21-cv-09713-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

　　　　Chessen has not plausibly stated a federal takings claim. Nearly nine years ago, the Ninth Circuit upheld San Rafael's Mobilehome Rent Stabilization ordinance against a facial takings challenge. *MHC Financing Limited Partnership v. City of San Rafael*, 714 F.3d 1118, 1122 (9th Cir. 2013) (ordinance does not, among other things, violate the public use requirement or constitute a *Penn Central* regulatory taking). Chessen asserts that precedent does not foreclose her claim because she has brought an as-applied challenge to the ordinance. But her theory is not that the particular impact of the ordinance on her property requires just compensation. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993). Instead, she argues that the ordinance is unconstitutional as applied to her property because it does not, in fact, apply to her property. Whether or not state law applies in particular circumstances is a state-law claim of statutory interpretation. It is not an as-applied federal takings claim.

　　　　In light of the federal claim's dismissal, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); Fed. R. Civ. P.

12(b)(1).[1] All of the relevant considerations—judicial economy, convenience, fairness, and comity—point towards this outcome. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As the City notes, the federal case is a virtual duplicate of the one currently proceeding in state court. So continuing the litigation in this court would waste resources. And because the primary question in this litigation is one of state law, the state court is better suited to address it. *See id.* at 727 ("[R]ecognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case.").

Accordingly, the complaint is dismissed. Dismissal is with leave to amend, although the Court is highly skeptical that Chessen can state a federal claim on these facts. Any amended complaint must be filed within 14 days of this ruling.

**IT IS SO ORDERED.**

Dated: February 22, 2022

_____
VINCE CHHABRIA
United States District Judge

---

[1] The Court takes judicial notice of the existence of and allegations in the parallel state-court complaint, as a fact that is not subject to reasonable dispute because it can be accurately and readily determined from a source, the state court's docket, whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2). The Court, however, cannot take notice of that document's content for its truth. The Court did not consider the email thread in resolving this motion.